IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROBERT WILLIS, JR.**                                                                    **PLAINTIFF**

v.                                        No. 5:12-cv-101-DPM

**SHELTER MUTUAL INSURANCE COMPANY**                        **DEFENDANT**

PROTECTIVE ORDER

The parties are into discovery in this case. Willis has sought the discovery of certain information and documentation that Shelter considers to contain trade secrets or confidential and proprietary research, development, and commercial information. To facilitate the production of this discovery material, the Court grants the Defendant's unopposed motion for protective order. *Document No. 10.* The Court approves the parties proposed protective order with minor changes. The only substantive change is that the Order now covers confidential discovery material produced by either party.

1.  A producing party may designate any discovery material as "Confidential" if it believes that the material contains or reflects trade secrets or other confidential and proprietary information. This designation may be by written notice incorporated in the matter disclosed or by separate written notice. All documents and information as they are reviewed for inspection or

copying are subject to confidentiality under the terms of this Order; and a producing party may designate and mark any documents and information as confidential as part of the photocopying process. A producing party may designate information disclosed in depositions as confidential by indicating on the record at the deposition that the testimony is confidential and is subject to the provisions of this Order. Alternatively, the producing party may notify the opposing party in writing of the specific pages and lines of the transcript that should be treated as confidential. This written notification must be given within ninety days of receipt of the transcript.

2. Discovery material designated as confidential may be used by an opposing party only for purposes of preparing for and conducting pretrial and trial proceedings in this action. Confidential discovery material and information derived from it shall be shown only to the opposing party and that party's counsel of record in this action and may be disclosed by opposing counsel only to the following persons:

    a. Counsel for a party, employees, or independent contractors of such counsel, and experts or consultants working with counsel, as are required to assist in the preparation or

        conduct of this action, provided that, before being shown any confidential discovery material, those persons shall be given a copy of this Order, and be advised that they are bound by it;

b.    Officers, employees, agents, or representatives of a party who are actually engaged in preparing for or conducting pretrial or trial proceedings in this action, but only to the extent necessary to do so, provided that, before being shown any confidential discovery material, those persons shall be given a copy of this Order, and be advised that they are bound by it;

c.    Persons whose depositions are being taken or who are witnesses at any hearing or trial conducted by the Court in this action, provided that, before being shown any confidential discovery material, those persons shall be given a copy of this Order, and be advised that they are bound by it;

d.    This Court or any other court before which this action is

pending, including any Court personnel, jurors, and all other persons lawfully present in the Court proceeding.

3.  Any person having access to confidential discovery material shall be prohibited from disclosing that information to any other person except as provided in this Order, and he or she shall take appropriate measures to safeguard the confidentiality of the confidential discovery material to prevent willful or inadvertent disclosure of it and to assure that the provisions of this Order are accomplished.

4.  At the conclusion of this civil action by trial or other disposition, any confidential discovery material provided or produced—including all reproductions that may have been made of any confidential documents, materials, or information—shall be returned to the attorneys of the producing party or destroyed.

5.  Nothing in this Order shall prevent or prohibit a producing party from seeking additional protection as it deems necessary for protection of confidential discovery material in this section.

6.      This Order is without prejudice to a party's right to bring before the Court at any time other objections to the production of any discovery material.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 July 2012